[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on December 21, 1991 in Stamford, Connecticut. The plaintiff has satisfied the residency requirement, and all statutory stays have expired. A female child, Wendy was born on September 23, 1993. The defendant denied paternity. On July 21, 1999, after a hearing on the stipulation of the parties, the Court (Harrigan, J.) entered an order finding the defendant not to be the father of the plaintiff's daughter. The evidence clearly established that this marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff, age 31, is currently unemployed. She is receiving unemployment compensation and temporary family assistance from the State of Connecticut. She holds an associate degree in science from the Norwalk Community Technical College, and a certificate in computer operations. She is actively seeking employment.
The defendant, age 46, is a correctional counselor for the State Department of Corrections. As a result of a motorcycle accident, he has been unable to work since December, 1999. He has been receiving his regular wages, at the rate of $45,000 per year, but payments may cease in the near future because his vacation and sick time benefits are about to be exhausted. The defendant does not presently know when he will be able to return to work.
Although the parties married in 1991, they lived together for only two years before they separated. The defendant contributed child support, post separation, believing he was the father of the plaintiff's child. Subsequent DNA tests indicated otherwise.
The court finds that the plaintiff must bear the greater responsibility for the breakdown of this marriage. She must also accept the blame for the immature squandering of the substantial funds she brought to the marriage. It is indeed regrettable and is a costly experience for her.
The court has carefully considered the statutory criteria, Sections46b-62, 46b-81 and 46b-82 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
(1) The defendant shall pay periodic alimony to the plaintiff. The payments shall commence on May 8, 2000 and weekly thereafter, in advance, until the death of either party, the plaintiff's remarriage or for a period of three years, whichever event first occurs. The defendant shall have his rights under Section 46b-86 (b) of the CT Page 5246 General Statutes, if applicable.
For as long as the defendant receives his regular salary from his employment, the payments to the plaintiff shall be in the amount of $150 per week. If the regular salary of the defendant terminates, then the payments to the plaintiff shall be $1.00 per year until the defendant becomes employed or receives income from other sources. At that time, the plaintiff may request a hearing to determine the amount of periodic alimony. Any orders entered shall be retroactive to the first week defendant becomes employed or starts receiving income from other sources. The defendant shall advise the plaintiff as soon as he becomes employed or receives income from other sources.
A contingent wage withholding order may enter.
(2) The defendant shall cooperate with the plaintiff in obtaining medical insurance as provided by the defendant's employer under COBRA at the sole expense of the plaintiff.
(3) The defendant shall maintain life insurance on his life, that is available through his employment, in an amount not less than $50,000 and shall maintain the plaintiff as the sole irrevocable beneficiary. The defendant shall provide the plaintiff proof of the coverage.
(4) The defendant shall retain all assets listed on his financial affidavit, and the plaintiff shall retain all assets scheduled on her financial affidavit. The defendant shall indemnify and hold the plaintiff harmless from any debts he has incurred, and the plaintiff shall likewise hold the defendant harmless from any debts she has incurred.
(5) In the event that there may be due any Federal, State or Local income taxes plus interest and penalties thereon as a result of any joint income tax returns filed by the parties, then each party shall be responsible in proportion to his or her income, including capital gains, for the year or years involved.
(6) As an assignment of property, the plaintiff's obligation to repay the defendant the $10,140 paid by him as child support is excused.
(7) The defendant shall pay to the plaintiff as a contribution towards plaintiff's counsel fees the sum of $3,000 on or before June 1, 2000.
Judgment may enter accordingly.
___________________ CT Page 5247 NOVACK, J.